IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JACQUE L. LAWYER,**

       Plaintiff,

vs.                                      Civ. No. 97-1233 JP/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

       Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

    1.   Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams</u>

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

   2.   Plaintiff filed her application for Title II disability benefits on November 4, 1994 alleging disability since January 31, 1993. Tr. 82.  Plaintiff's application was denied at the administrative level.  Plaintiff requested and received a de novo review before an administrative law judge (ALJ).  A hearing was held before the ALJ at which Plaintiff and her attorney appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.  Tr. 27, 231.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Tr. 5.  The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

   3.   Plaintiff alleges a disability due to depression and alleged physical impairments which were not argued on appeal.  Tr. 82.  On the date of the ALJ's decision, Plaintiff was 39 years old. Tr. 26.  She graduated from high school and has past relevant work experience as a nurse's aide and dispatcher.  Tr. 86, 258.

**Issues**

   4.   Plaintiff alleges that 1) substantial evidence does not support the ALJ's decision that Plaintiff is not disabled; (2) the ALJ improperly rejected the conclusions of Plaintiff's treating physicians; and (3) the ALJ improperly found that the Plaintiff's

testimony was not credible.

**The Standard of Review**

5.   The function of this Court on review is not to try the Plaintiff's claim de novo, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.   The Plaintiff must first make a prima facie showing of an impairment which effectively precludes her from returning to her past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering her age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  Hall v.

3

Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

    7.    To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show:  1) that she is not engaged in substantial gainful employment;  2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and 3) that her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that she has met or equaled a listing, she must show at step four that she is unable to perform work she had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering her age, education, and prior work experience.  If a determination of disabled or not disabled is found at any step, further inquiry is not required.  20 C.F.R. §404.1520.

    8.    Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists.  20 C.F.R. Part 404, Subpt. P, App. 2.  These grids reflect the existence of jobs in the

national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

    9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments

does not automatically preclude reliance on the grids. <u>Ray v. Bowen</u>, 865 F.2d 222, 225 (10th Cir. 1989); <u>Gossett v. Bowen</u> 862 F.2d 802, 807-08 (10th Cir. 1988); <u>Channel</u>, 747 F.2d at 582 n. 6.

**Discussion**

10. Plaintiff failed to bear her burden in establishing that she has a disabling impairment. To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. §423(d), that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for at least 12 months. 42 U.S.C. §416(1)(10)... The Act defines a physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S. C. §423(d)(3). The Commissioner's regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R. §404.1513.

11. The only physician who treated Plaintiff for her depression since Plaintiff's onset date is Daniel Brandt, M.D. According to his progress notes he treated the Plaintiff from June 11, 1993 to June 30, 1994.[2] Tr. 134-39. On her initial visit Dr.

---

[2]Plaintiff argues that Dr. Brandt's treatment and notes are dated. It is Plaintiff's burden and responsibility to submit

Brandt noted that Plaintiff was not taking antidepressant medication. He found that she exhibited depressed mood. Tr. 138. The mental status examination revealed normal affect, normal speech, unremarkable thoughts, logical associations, appropriate thought content, adequate insight, and adequate judgment. Tr. 138. Dr. Brandt prescribed Wellbutrin, an anti-depressant medication. Tr. 136. Her depression responded to this medication and the treatment records show she was not depressed and was feeling less tired. Tr. 134-35. The medical evidence in the record clearly supports the ALJ's findings that Plaintiff mental impairment was controlled by medication. An impairment that can reasonably be controlled with treatment cannot provide a basis for an award of Social Security disability benefits. See Pacheco v. Sullivan, 931 F.2d 695, 698 (10th Cir. 1991). Further, the ALJ correctly gave the opinions of this physician substantial weight in his decision. Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987). His opinion is supported by specific findings and is consistent with his won treatment notes. 20 C.F.R. §404.1527 (d).

    12. Plaintiff relied in part on the opinion of Jorge Vargas, M.D., the consultative psychiatrist who examined Plaintiff on January 25, 1995. Dr. Vargas is a one-time consultative examiner and his opinion is not entitled to substantial weight. See 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2). Tr. 172-74. Further, in

---

recent medical evidence in support of her claim, if it exists.

reviewing Dr. Vargas' mental status examination there is little medical evidence to support any of his conclusions. The examination and his opinions appear to be based, for the most part, on Plaintiff's self-serving statements. Dr. Vargas' conclusory statements are not supported by "medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).

13. Further, the ALJ noted an inconsistency in the record. Plaintiff reported to Dr. Vargas that her anti-depressant medication "helped her a little". This contradicted her report to Dr. Trafton only one day earlier that her symptoms of depression had "significantly improved with Wellbutrin". Tr. 23, 165, 172. The inconsistencies in the record were properly resolved by the ALJ. See Tillery v. Schweiker, 713 F.2d 601, 603 (10th Cir. 1983).

14. Plaintiff further relies on letters from Claudette Fletcher, a clinician at Southwest Counseling Center. Ms. Fletcher is not a licensed psychiatrist or psychologist, but rather a "clinical specialist." Tr. 130, 133, 213. Her opinion is not an "acceptable medical source." 20 C.F.R. §§404.1513(a), 416913(a). Ms. Flethcher's opinion is more appropriately considered "information from other sources" which "may also help [the Commissioner] to understand how [a claimant's] impairment's affects [an]ability to work..." See 20 C.F.R. §§404.913(e); 416.913(e). Further the records from Southwest Counseling Center, Inc. do not support Ms. Fletcher's conclusions. Tr. 134-39, 146-164. These records show that with medication Plaintiff was "coping", "doing

well," and "stable."  Tr. 134-35.

    15.  Substantial evidence supports the ALJ's finding that Plaintiff does not meet Listing §12.04.  Two psychologists who reviewed the evidence of record found that the functional limitations posed by Plaintiff's depression were not severe enough to meet the Listings.  Plaintiff's treatment history shows that her depression did respond to medication and treatment.  Further, as discussed above, Plaintiff's reliance on Dr. Vargas and Ms. Fletcher is misplaced.  The record does not support their conclusions.

    16.  The ALJ's credibility determination in this case was properly based on substantial evidence and thus should be afford great deference by this Court.  <u>Hamilton v. Secretary of HHS</u>, 961 F.2d 1495 (10th Cir. 1992).  The ALJ noted specific inconsistencies in statements Plaintiff made to various sources with regard to her mental limitations.  Tr. 22-25.  After taking Wellbutrin Plaintiff felt better.  "Within a month she told her clinician that she was less tired and her mental status was stable. " Tr. 23.  Ten months later Plaintiff was reported as doing well and working on new skills and behavior.  <u>Id</u>.  As noted above, Plaintiff made signficiantly different statements to Dr. Trafton and Dr. Vargas regarding her symptoms and treatment with Wellbutrin.

**Recommended Disposition**

For these reasons, I recommend Plaintiff's Motion to Reverse or Remand be denied.

_____
**Don J. Svet
UNITED STATES MAGISTRATE JUDGE**